UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELISABETH REGINA MARIE GABRIELE VON PEZOLD et al., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil No. 21-cv-02004 (APM) |
| REPUBLIC OF ZIMBABWE, | ) ) ) | |
| Respondent. | ) ) | |
| BORDER TIMBERS LIMITED & HANGANI DEVELOPMENT CO. (PRIVATE) LIMITED, | ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil No. 21-cv-02428 (APM) |
| REPUBLIC OF ZIMBABWE, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.**

In these non-consolidated actions, Petitioners ask the court to recognize arbitration awards made in their favor against Respondent Republic of Zimbabwe by the International Center for Settlement of Investment Disputes ("ICSID"). The Petitioners in the *von Pezold* action are Elisabeth Regina Marie Gabriele von Pezold (in her personal capacity and as executrix of her deceased husband's estate) and a series of heirs and assigns (collectively, the "*von Pezold* Petitioners"). The Petitioners in the *Border Timbers* action are Border Timbers Ltd. and Hangani

Development Co. (Private) Ltd. (collectively, "*Border Timbers* Petitioners"). The ICSID panel issued a "Final Award" to each set of Petitioners on July 28, 2015, and a separate panel rejected Respondent's effort to annul the Final Awards on November 21, 2018.

Zimbabwe moves to dismiss both petitions on a number of grounds. *See* Resp't's *von Pezold* Mot. to Dismiss & Supporting Statement of P. & A., ECF No. 11 [hereinafter Resp't's *von Pezold* Mot.], at 32; Resp't's *Border Timbers* Mot. to Dismiss & Supporting Statement of P. & A., ECF No. 27 [hereinafter Resp't's *Border Timbers* Mot.] at 10.[1] The court need only address one of them. The court agrees that Petitioners in both cases failed to serve Zimbabwe pursuant to the strict requirements of the Foreign Sovereign Immunities Act ("FSIA"). The court therefore grants the motions but it will not dismiss the actions. Instead, the court will grant Petitioners 60 days to effect proper service. Lacking jurisdiction over Zimbabwe at present, the court declines to reach its other arguments for dismissal and stays consideration of Petitioners' pending motions for judgment on the pleadings.[2]

## II.

Before a court can exercise jurisdiction over a foreign state, "a plaintiff must effect service in compliance with the [FSIA]." *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015). The four available methods of service can be found under 28 U.S.C. § 1608(a) in hierarchical order. When serving a foreign sovereign, "strict adherence to the terms of 1608(a) is required." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994).

---

[1] All citations to the *von Pezold* Docket can be found at No. 21-cv-2004 (APM); all citations to the *Border Timbers* Docket can be found at No. 21-cv-2428 (APM). Respective case documents are signaled with respective Petitioners' names.
[2] *See, e.g.*, *von Pezold* Pet'rs' Mem. in Opp'n to Resp't's Mot. & in Supp. of Pet'rs' Cross-Mot. for J. on Pleadings, ECF No. 19; *Border Timbers* Mot. for J. on Pleadings, or in Alternative, Summ. J., ECF No. 31.

Both groups of Petitioners attempted service under § 1608(a)(3). That provision allows a plaintiff to accomplish service on a foreign state or instrumentality

> by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

28 U.S.C. § 1608(a). The Supreme Court has observed "that the most natural reading of § 1608(a)(3) is that the service packet must bear the foreign minister's name and customary address and that it be sent to the minister in a direct and expeditious way." *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1057 (2019).

The *von Pezold* and the *Border Timbers* Petitioners' mailings fail for the same reason: neither "bear[s] the foreign minister's name." Both groups of Petitioners addressed their service packets to the "Hon. Lt. General Dr. S.B. Moyo" at "The Ministry of Foreign Affairs," but Dr. Moyo was no longer the Foreign Minister of Zimbabwe at the time of service, having died months earlier. *von Pezold* Return of Service, ECF No. 8, Ex. 1, ECF No. 8-1, at 2–3 (service receipt dated August 25, 2021); *Border Timbers* Return of Service, ECF No. 11, Ex. 1, ECF No. 11-1, at 5–6 (service receipt dated November 22, 2021); Resp't's *von Pezold* Mot., Exs. 2–3, ECF Nos. 11-2, 11-3 (articles reporting Dr. Moyo's death in January 2021). Directing process to a deceased "head of the ministry of foreign affairs" does not strictly comply with § 1608(a)(3). *See Republic of Sudan*, 139 S. Ct. at 1062 (2019) (finding improper service where process was served on the foreign state's embassy in the United States); *Barot*, 785 F.3d at 70 (affirming trial court's finding of ineffective service where the mailing label made no "reference to the individual—whether by name or by title—who occupies the office of the head of the ministry of foreign affairs" and was addressed to the "Embassy of Zambia" in the foreign state itself);

3

*Transaero*, 30 F.3d at 154 (rejecting "substantial compliance" and explicitly requiring "strict adherence").

Petitioners try to shift the blame for their errors to Zimbabwe. Both groups contend that, when they attempted service, Zimbabwe's official government website still identified Dr. Moyo as the Foreign Minister, and they reasonably relied on that representation. *See von Pezold* Pet'rs' Mem. in Opp'n to Resp't's Mot. & in Supp. of Pet'rs' Cross-Mot. for J. on Pleadings [hereinafter *von Pezold* Pet'rs' Mot.], ECF No. 19, at 19 n.3; *Border Timbers* Pet'rs' Mem. in Opp'n to Resp't's Mot., ECF No. 30, at 30. Petitioners' arguments seem to be that Zimbabwe is estopped from asserting a defect in service because it failed to timely update its website to reflect the country's new foreign minister. But Petitioners cite no case to support such a proposition. Equity does not excuse Petitioners' non-compliance. *Cf. ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988) (stating that the use of equitable estoppel against the U.S. government "must be rigid and sparing"; the elements of equitable estoppel include a false representation, a purpose to invite action by the party to whom the representation was made, ignorance of the true facts by that party, reliance, a showing of an injustice, and lack of undue damage to the public interest).

The *von Pezold* Petitioners' effort at service falls short for a second reason. Section 1608(a)(3) requires delivery of a "notice of suit," in addition to a copy of the complaint and summons. 28 U.S.C. § 1608(a)(3). The FSIA defines "notice of suit" to mean "a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation." *Id.* § 1608(a). The State Department's regulations provide that "[a] party shall attach, as part of the Notice of Suit, a copy of the [FSIA]." 22 C.F.R. § 93.2(e) (2022). The *von Pezold* Petitioners concede that they did not include a copy of the FSIA with their mailing. *See von Pezold* Pet'rs' Mot. at 19 (admitting implicitly that they did not include a copy of the FSIA). That deficiency

4

rendered their service non-complaint with § 1608(a)(3). *See Gretton Ltd. v. Republic of Uzbekistan*, No. 18-cv-1755 (JEB), 2019 WL 3430669, at *3–4 (D.D.C. July 30, 2019) (finding that the failure to serve "full English-language copies of the Notice of Suit and of the FSIA" would constitute deficient service, if the foreign state did not receive those items).

The *von Pezold* Petitioners tried to cure their errors by making a second attempt to perfect service. In December 2021, they requested, and the Clerk of Court executed, a second mailing, this time to the "Ministry of Foreign Affairs." v*on Pezold* Aff. Requesting Foreign Mailing, ECF No. 15; *von Pezold* Certificate of Mailing, ECF No. 16 [hereinafter *von Pezold* Certificate of Mailing].[3] Under the FSIA, "[s]ervice shall be deemed to have been made" under § 1608(a)(3) "as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed." 28 U.S.C. § 1608(c)(2). The *von Pezold* Petitioners have not, however, filed a signed and returned postal receipt or any other proof of service. The likely reason for that omission is that the Minister of Foreign Affairs did not receive the service package. Tracking information shows that a failed attempt at delivery was made on January 27, 2022, but not any time thereafter.[4]

### III.

Zimbabwe asks the court to deny Petitioners the opportunity to re-serve. Resp't's Reply to Opp'n to Resp't's *von Pezold* Mot, ECF No 22, at 23–25; Resp't's Reply in Supp. of Resp't's *Border Timbers* Mot., ECF No. 34, at 23–24. The D.C. Circuit, however, has said that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Barot*,

---

[3] The court notes that the von Pezolds' second mailing label also may be deficient. Instead of directing process to the "head of the ministry of foreign affairs," 28 U.S.C. § 1608(a)(3), or "the foreign minister's name," *Republic of Sudan*, 139 S. Ct. at 1057, the second attempt at service was addressed to a government agency, the "Ministry of Foreign Affairs."

[4] v*on Pezold* Certificate of Mailing at 2 (identifying USPS tracking number CH153802032US); https://tools.usps.com/go/TrackConfirmAction!input.action?tLabels=CH153802032US (last visited Sept. 1, 2022) (showing last attempted date of service as January 27, 2022).

785 F.3d at 29 (internal quotation marks omitted). Here, Petitioners' "service attempt[s] came very close to satisfying the Act's requirements." *Id.* They simply failed to address process to the current Foreign Minister and, in the case of the von Pezolds, neglected to include a copy of the FSIA. It would be an abuse of the court's discretion to deny Petitioners the chance to re-serve in such circumstances. *See id.*

**IV.**

For the foregoing reasons, Respondent's *von Pezold* Motion to Dismiss, ECF No. 11, and Respondent's *Border Timbers* Motion to Dismiss, ECF No. 27, are granted insofar as the court agrees that Petitioners have failed to satisfy the FSIA's strict service requirement. The court grants Petitioners an additional 60 days to perfect service. Service shall be completed by November 7, 2022. The court declines, at this time, to reach any of Respondent's other arguments for dismissal. Consideration of Petitioners' pending motions for judgment on the pleadings, *see supra* n.3, is stayed.

Dated: September 6, 2022

Amit P. Mehta
United States District Judge